# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-1886V

|  |  |
|---|---|
| EILEEN POULIN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2026 |

*Anthony Kirby Ferguson, Fales & Fales, P.A., Lewiston, ME, for Petitioner.*

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On November 5, 2025, Eileen Poulin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of a pneumococcal conjugate vaccine on January 12, 2024. Petition at ¶¶ 2, 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 1, 2026, Respondent filed a Rule 4(c) Report and Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $52,500.00 for pain and suffering. Proffer at 4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* On June 2, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| **EILEEN POULIN**, | |
| Petitioner, | **No. 25-1886V** |
| v. | Chief Special Master Corcoran |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | ECF |
| Respondent. | |

**RESPONDENT'S RULE 4(c) REPORT**
**CONCEDING ENTITLEMENT TO COMPENSATION**

On November 5, 2025, Eileen Poulin ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that a January 12, 2024 pneumococcal conjugate ("PCV") vaccination caused her to suffer a left-sided shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3.  Petition at 1.

In accordance with Vaccine Rule 4(c), Rules of the United States Court of Federal Claims: Appendix B, the Secretary of Health and Human Services ("respondent") submits the following as his responsive report.  Medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have reviewed the petition and medical records filed in the case.  For the following reasons, respondent recommends that petitioner be found entitled to compensation under the Vaccine Act.

## FACTUAL SUMMARY

I.    Pre-Vaccination History

Petitioner had no history of shoulder pain or injury in the affected arm prior to the vaccination at issue.  Ex. 6 at 38.

II.    Vaccination

Petitioner was a sixty-five-year- old pediatrician when she received the PCV vaccine in her left arm on January 12, 2024.  Ex. 6 at 38.

III.    Onset

On January 30, 2024, eight days after vaccination, petitioner sent an email message to her primary care physician ("PCP") and reported that she was "still having pain and decreased range of motion [("ROM")]" after her PCV vaccine.  Ex. 2 at 2; Ex. 6 at 29.  Petitioner also reported that she spoke with a sports medicine colleague about her shoulder pain and received a home exercise program.  Ex. 2 at 7.

IV.    Treatment

On March 21, 2024, two months and one week after vaccination, petitioner presented to an orthopedist with complaints of left shoulder pain.  Ex. 5 at 2.  Petitioner reported that the doctor gave her the PCV vaccine into her bursa and the pain had not gotten better since.  *Id.*  Petitioner reported that she was sore with 7/10 pain and that she had decreased ROM with pain.  *Id.*  Petitioner further reported that she was provided a home exercise program by a sports medicine colleague.  *Id.*  After an exam, the orthopedist diagnosed petitioner with impingement syndrome of the left shoulder and administered a steroid injection.  *Id.* at 3.

On May 6, 2026, petitioner again presented to the orthopedist for a left shoulder follow-up.  Ex. 5 at 4.  Petitioner reported her shoulder pain began "immediately following the [vaccine]

2

as well as limited range of motion." *Id*. On exam, petitioner had mild tenderness laterally along the rotator cuff footprint and she had full ROM. *Id*. at 5. An x-ray revealed no abnormalities. *Id*. A possible SIRVA was suspected. *Id*.

A May 31, 2024 MRI of the left shoulder revealed mild supraspinatus tendinosis with low-grade intrasubstance tearing at the mild tendon footprint. Ex. 7 at 3. The MRI also revealed mild subacromial subdeltoid bursitis. *Id*.

On June 4, 2024, petitioner presented to the orthopedist for a follow-up of her left shoulder pain. Ex. 5 at 9. Petitioner's symptoms and exam remained unchanged. *Id*. A second steroid injection was administered.

On June 17, 2024, petitioner presented for a telehealth orthopedic visit for her left shoulder pain. Ex. 5 at 7. Petitioner reported doing "a little better" after the steroid injection and is scheduled to begin physical therapy. *Id*.

On June 26, 2024, petitioner presented for an initial physical therapy evaluation. Ex. 5 at 26-30. Between June 26, 2024 and August 15, 2024, petitioner attended six PT sessions for her left shoulder. *Id*. at 14, 21, 27, 43, 62. At her last PT session on August 15, 2024, petitioner reported improved symptoms and reduced pain. Ex. 5 at 62. Petitioner was instructed to continue with a home exercise program and follow-up as needed. *Id*.

No further medical records related to petitioner's shoulder pain have been provided.

V.    Duration of Injury

Petitioner received treatment for her shoulder injury through August 15, 2024, or seven months.

3

VI.    Summary of Treatment

Over the course of seven months, petitioner underwent the following treatment for her shoulder symptoms:

- 6 sessions of PT; and

- 2 steroid injections.

## ANALYSIS

Respondent recommends that petitioner be found entitled to compensation for a Table SIRVA.  Petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination that would explain petitioner's post-vaccination symptoms; shoulder pain occurred within forty-eight hours after receipt of an intramuscular PCV vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.  *See* 42 C.F.R. § 100.3(a)(XII)(A), (c)(10).  Additionally, petitioner suffered the residual effects of her condition for more than six months.  *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i).  Therefore, based on the current record, petitioner has satisfied all requirements for compensation under the Act.  *See* 42 U.S.C. § 300aa-13(a)(1)(A-B).

## PROFFER

I.    Items of Compensation

Respondent proffers that petitioner should be awarded $52,500.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of **$52,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Eileen Poulin.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

## CONCLUSION

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a left-sided SIRVA occurring within the Table timeframe following petitioner's January 12, 2024 PCV vaccination, and that the court award $52,500.00 for all damages available under Section 15(a) of the Vaccine Act.  This amount does not include reasonable attorneys' fees and litigation costs, which will be determined at a later date.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/ *Alyssa M. Petroff*
ALYSSA M. PETROFF
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-3852
Email: Alyssa.Petroff2@usdoj.gov

Date: June 1, 2026

6

## CERTIFICATE OF SERVICE

I certify that today, June 1, 2026, a copy of the foregoing pleading will be served by electronic mail to Anthony Ferguson at aferguson@faleslaw.com.

**/s/ _Alyssa M. Petroff_**

7